Good morning. I see a lot of people over at one table. And just so that you know, each side has 20 minutes, and that 20 minutes is for all of you. So if you have decided to divide it, one thing that I find is sometimes the first person up hogs more than their time and the other people are sitting there. So if you want to share your time, if you let me know how, then I'll let you know when that time is up. Oh, okay, Your Honor. And then I'll tell you, I'll pull you off with a hook so that you don't use your other counsel's time. Thank you. Actually, we will be dividing our argument, and we'd like to reserve four minutes for rebuttal. How much time do you get? I'll speak for eight minutes approximately. All right. Thank you. You can go ahead and introduce yourself, where, Betty? Good morning. May it please the Court. My name is Lila Silverstein, and I represent the plaintiff appellant, Joseph Kofed. With me at counsel table are fellow University of Washington law students, Eric Van Hagen and Tim Hobbs, and our supervising attorneys, Leonard Feldman and Eric Schnapper. I will address the first issue raised in our briefs, which is that a defendant may not remove a State law case to Federal court merely by raising a defense based on a collective bargaining agreement. Eric Van Hagen will explain that even if removal could be based on a defense, there is no Federal question in this case. This is not a Federal case. Joseph Kofed filed a State law claim in State court, but removal was allowed based on the possibility that a defense might raise a Federal issue. Removal of this case violated the well-established rule that a Federal law defense does not create Federal question jurisdiction. The district court erroneously held that there is an exception to that rule under Section 301 of the Labor Management Relations Act. Under Section 301, there is Federal jurisdiction when a plaintiff alleges breach of a collective bargaining agreement or when resolution of the plaintiff's claim requires the interpretation of a CBA. But the district court held that there is Federal jurisdiction, quote, when the interpretation of the CBA is made necessary by an employer defense. Now, in reaching that conclusion, the district court relied on and quoted this Court's original opinion in Sprewell v. Golden State Warriors. But this Court withdrew that opinion and replaced it with a new one following this Court's en banc decision in Kramer v. Consolidated Freightways. Well, what is your best argument that Mr. Kofed's defamation claim is independent of the collective bargaining agreement? Your Honor, his claim is independent because defamation is a right that arises under State common law, not under a collective bargaining agreement. And under Oregon law, there are just two elements to a defamation claim. The first is that the defendant made a defamatory statement about the plaintiff. And the second is that the statement was published. Well, but it also, it can't be privileged. Well, actually, that's only an affirmative defense under Oregon law. Absence of privilege is not an element of the plaintiff's claim. Under Oregon law, qualified privilege is an affirmative defense. And as this Court stated in its en banc decision in Kramer, a defense based on the terms of the CBA does not trigger Section 301 preemption. And in Falcord v. 20th Century Fox, this Court clarified that the complete preemption doctrine does not abrogate the standard rule that a defense of preemption does not create Federal question jurisdiction. Rather, as this Court stated in Kramer, the plaintiff's claim is the touchstone for the analysis. Well, I'm not sure that I, I'm not sure that I buy the fact that it's just a defense because under Oregon law, the utterance also has to be false and unprivileged. And so if it's not false and unprivileged, you, you know, that's, you don't, you know, you're not in court. Actually, Your Honor. And the only way you can determine whether it's unprivileged or on the qualified privilege is that you have to go look at the collective bargaining agreement. Well, two things, Your Honor. First, as my co-counsel will explain, qualified privilege is actually not a question of contract interpretation. So even if absence of privilege were an element of the claim, this case would not be preempted. But second, under Oregon law, qualified privilege is a defense. It is not an element of the claim. It's not like Washington State, for example, where absence of privilege is an element of the claim and falsity is an element of the claim. There are just the two elements that I mentioned, which I'll mention again, that if the defendant made a defamatory statement about the plaintiff, that's the first one, and the second is that the statement was published, and that's it. Those are the only two elements of the plaintiff's claim, assuming that the plaintiff has alleged defamation per se, which Joseph Kofet has alleged. And even if it hadn't been defamation per se, that would not pull privilege into the plaintiff's claim. That would just pull falsity into the plaintiff's claim. So and actually, Mr. Shiprock does not challenge the assertion that these two elements do not implicate the CBA between Local 48 and Siemens. All that Mr. Shiprock said was that, hey, I'm asserting this defense of qualified privilege, and in order to evaluate my defense, a court would have to interpret the CBA, and therefore there is Federal jurisdiction. And the district court agreed, but only because the district court was following an opinion that is no longer the law of this circuit. After Kramer, this Court issued a new opinion in Sprewell, which stated exactly the opposite of the original opinion. The new Sprewell opinion states that a defendant cannot pull a plaintiff's State law claim into the preemptive scope of Section 301 by mounting a defense in reliance on a CBA. So under the current and operative Sprewell opinion, and under Kramer, removal of this case was improper, and the case should be remanded to State court. Thank you. Thank you. Good morning, Your Honors, and may it please the Court. My name is Eric Van Hagen. As Ms. Silverstein noted, I will be discussing the reasons why the facts of this particular case preclude Federal jurisdiction. First, even if this Court finds that a defense can be the basis for preemption, preemption does not apply here because there is no need to interpret the collective bargaining agreement to resolve this dispute. Oregon law grants Mr. Cofed the right to be free of defamation, independent of any collective bargaining agreement. Does that mean that you concede that he had a qualified privilege? Absolutely not, Your Honor. Well, how can we know that he did or didn't have a qualified privilege without consultation with the collective bargaining agreement? There are two reasons. First, because not only does the collective bargaining or does Oregon law provide Mr. Cofed the right to be free of defamation, independent of the collective bargaining agreement, it also permits Mr. Shiprack to assert that defense, independent of the collective bargaining agreement. The test in this Court is whether the claim is substantially dependent on the interpretation of the collective bargaining agreement, and this Court has been clear that interpret means something more than consider, refer to, or apply. And this Court has also been clear that speculative reliance is inadequate, and that is exactly what we have in this case, is speculative reliance. The district court looked to the collective bargaining agreement and merely identified, quote, some of the provisions that could be relevant. This is insufficient to trigger preemption. The – there was no dispute – no terms of the contract were in dispute to trigger preemption. The district court and Mr. Shiprack cite four different provisions of the collective bargaining agreement that, again, they say could be relevant. They are the basic principles section, which is in the pro bono excerpts of record at 14, which is mere precatory language that introduces the agreement. The employer responsibility section, pro bono excerpts of record at 18, which outlines the responsibilities for the employer in the collective bargaining agreement, in this case, Siemens, who is not a party to this lawsuit. The referral procedure, pro bono excerpts of record at 34, simply establishes a referral procedure, but it says nothing about making any recommendations about – or personal commentary regarding an employee. And finally – But isn't that the problem? It says nothing. And so the collective bargaining agreement may have to be interpreted to see if he's allowed to say anything, and if he's allowed to say something, how much he's allowed to say. Well, two responses to that, Your Honor. First, the Supreme Court has said that the argument must at least be colorable, and this Court has also said that creative linkages to a collective bargaining agreement is inadequate. And it's our position that that claim is inadequate, that reading implied terms into a collective bargaining agreement based on an affirmative defense is not sufficient to trigger preemption, nor is it sufficient to create terms in the contract that are in dispute. But the second problem is that – and this is why it's not surprising that they are unable to identify a specific term in the collective bargaining agreement that requires interpretation – is because the privilege exists independent. If the collective bargaining agreement had expired or didn't exist, and this was just a referral procedure, this claim would proceed in the exact same way, because that – Let me ask you this, you know, because I'm kind of focusing on Article V here. That if a union representative wanted to alert a hiring agent to the fact that some employee tends to pick fights and is not a harmonious person in the workplace, would the union representative have the implicit authority to do so? And because the union is the sole and exclusive source of referrals, and the union has also agreed with the employer to maintaining an efficient system of production. It seems to me, how do you get around it going – interpreting the collective bargaining unit, saying does – you know, whether the collective bargaining unit contains the implicit authority to question is central to assessing SHPRAC's privilege to communicate with Siemens on the topic of interest here, which is – or the mutual interest of Siemen and Local 48. So that's – you know, how do we get around that? There are two issues. First is whether the collective bargaining agreement governs this. And as I said, it's our position that it doesn't. It is not a colorable claim, and it is mere creative linkage to the collective bargaining agreement. It's not expressly provided for. But the second problem is how that relates with his claim. And the problem is that he can make the claim that he has that privilege under Oregon law, and he doesn't need the collective bargaining agreement to have that privilege, nor does the claim of conditional privilege require any interpretation of the collective bargaining agreement. For example, in Walulis v. Domowski, the Oregon Supreme Court, where a union member was suing his union for defamation, evaluated the merits of the conditional privilege defense without ever turning to the terms of the collective bargaining agreement. Because that – because that right to assert the conditional privilege exists independent of the collective bargaining agreement. And very similar to what we're asking for, the Court remanded that decision because it was evidence of malice in the record and abuse of that conditional privilege. So Oregon courts are more than competent to analyze the merits of a conditional privilege without ever turning to the terms of the collective bargaining agreement. In short – Are you reserving time for someone else or no? I'm reserving four minutes. Just for – okay. So you're fine. Yes. In short, despite Mr. Shiprack's attempts to create a dispute regarding the meaning of the collective bargaining agreement, nothing in the plain language provides for the union to provide a recommendation to any employer. And even if it did, it would be irrelevant because there's no need to – to assess the collective bargaining agreement to determine the merits of the – of the affirmative defense. In fact, the agreement says the opposite. It simply provides for a first-in, first-out hiring policy. Because neither the district court nor Mr. Shiprack have articulated any specific terms that would need to be interpreted, the district court's analysis is insufficient to justify Federal jurisdiction. Turning now finally to the third error that requires reversal in this case, there remains a genuine issue of material fact as to whether Mr. Shiprack forfeited his alleged defense based on the collective bargaining agreement by abusing the – by abusing the conditional privilege. Did your client ever make a motion to amend this complaint? Yes, he did, Your Honor. The Federal court? He did make a motion to amend, Your Honor. What was – what was the motion? That was denied. It was a motion to remand to State court. Well, I said to amend the complaint. Oh, to amend. I'm sorry. I thought you said to remand. No, he did not make a motion to amend it. Why didn't he? I – I – See, this could have solved all the problems that we're talking about. Unfortunately, we were not involved at the trial court level. Well, I know that. He was – he was by himself, was he? Some of the time. He had a lawyer?  When did he have a lawyer? He had – he had a lawyer when he filed the complaint. Any other time? I'm not exactly sure when he's – he was no longer represented by counsel. But I do know that he made his petition to this court proper. Did he have a lawyer argued before the district court? I believe so, yes. And – and they did – and they made the argument that this – that he was maliciously defamed. And that malice acts to forfeit the conditional privilege, which is, again, because that conditional privilege was forfeited or there's a genuine issue of material fact as to whether it was forfeited, there was no basis to grant Mr. Shiprack's motion for summary judgment. There are multiple statements in the record that demonstrate genuine issues of material fact. Mr. Kofet was defamed by someone who he had a personal dispute with. And the record shows that, for example, Mr. Shiprack was barely civil with Mr. Kofet. These facts and other similar circumstances set out in the record show that there are fact issues regarding malice that would defeat the defendant's alleged conditional privilege. As noted in our opening brief, an evidentiary hearing should be held to evaluate whether the privilege was, in fact, forfeited. And if so, there's no conditional privilege and no federal jurisdiction. In conclusion, Your Honors, the district court's summary judgment ruling should be reversed because, A, a defense cannot serve as a basis for federal preemption. B, the court would not need to interpret any specific provision of a collective bargaining agreement to resolve this claim. But even if the court disagrees with both of those arguments, there remain genuine issues of material fact that preclude summary judgment. Thank you. Thank you. So you still have almost six minutes for rebuttal. Thank you. Good morning. May it please the Court. My name is Norman Malbin for Stephen Shiprack, defendant appellee. I'd like to point out a couple of errors I made in my brief. Then I'd like to point out one major error I made in my brief. First, in response to Judge Ferguson's question, I think the record will show that Mr. Kofod filed his claim in state court pro se. It was removed to federal court. In federal court, he was represented by counsel. He was represented by counsel on the motion for remand. He was represented by counsel on the motion for summary judgment. And after the district court issued judgment, it was at that point that counsel resigned and Mr. Kofod filed his appeal here pro se. I'm sorry? There never was a motion to amend the complaint. Not that I am aware of, Your Honor. Not that I'm aware of. Isn't there some sort of you don't talk about it here, but it would seem that from a strategic standpoint, you might have filed a summary judgment rather than a 12B-6 because the six-month statute of limitations under the NLRA had likely run by the time Shiprock filed his motions. Thus, Kofod could not have amended his complaint or filed another action to estate a claim under the NRLA. Is there anything to that? Your Honor, that sort of jumps to the heart of what my major error was in my brief, and that is the difference of two different preemption arguments. The third argument raised by Mr. Kofod on appeal has to do with malice and the standards of malice and whether that takes away the privilege, and we look to Lynn v. Schneider at Plancards. There's a big difference between 301 preemption and NLRA preemption. Under 301 preemption, in addition to the well-pleaded complaint rule, there is the independent corollary of the complete preemption doctrine. The complete preemption doctrine does not exist under NLRA preemption. NLRA preemption under Sections 7 and 8 is the so-called Garmin doctrine and the machinist doctrine. If, for example, Shiprock had argued preemption under the NLRA, it is an unfair labor practice for a union to interfere with an individual's employment for any reason other than failure to tender periodic dues uniformly required as a condition of membership. That would be a basis for removal. And what you're talking about, six months would come into play. The other question that you raise is what else Mr. Kofod could have done? What did he have any remedy? Assume for the moment that what Mr. Shiprock did was wrong. Does this mean he didn't have a remedy? He had many remedies. He could have filed a grievance. He could have filed an unfair labor practice charge with the National Labor Relations Board for what's called AP2. He could have filed a breach of contract in Federal court. And perhaps most importantly, he could have filed a duty of fair representation claim in Federal court. So we're not talking about whether or not he has a cause of action. I'd like to go back to an issue that you raised, Judge Calahan, about the need or ability to communicate. Should an employer, especially an out-of-town employer working on a dam which has security concerns because of bomb threats, according to the letter attached to Mr. Kofod's complaint, should the employer be able to ask for Social Security numbers so it can check on background to see whether the individual has a criminal background? Should the employer be able to ask whether the employee has the ability to bend a six-inch rigid conduit? Because when you're working on a dam, that's one of the things they do on dams, and it requires a special skill. And if you look in the referral procedure, you'll see a paragraph that talks about the need or the ability of the employer to ask for employees who have special skills. Can the employer ask if the employee is disruptive because there is a heightened level of security at Bonneville Dam site due to bomb threats, and the employer cannot afford unnecessary disruption? In order to determine this, you need to look at the collective bargaining agreement. A case that was argued substantially in the briefs, but not an oral argument yet, was Tellez. And one of the mistakes I made in my brief has to do with Tellez. Tellez, Ninth Circuit said, not preempted. Manager Baines sent out a letter to Mr. Tellez saying, you're suspended. I believe you're using cocaine. And the manager didn't just do that, but sent it to 11 other people in the company. In holding that, you didn't the court did not have to interpret the collective bargaining agreement. It said that this took place outside of the grievance procedure. In my brief, I said that the letter took place after, subsequent to the grievance procedure. I was wrong. It took place prior to. The argument is the same. It took place outside of the grievance procedure. Here, the offending comments took place subsequent to dispatch and prior to Mr. Copett arriving at the job site. In the State court, when you made the motion to remove to the Federal court, right? Yes. Was there opposition to that? It is a procedure that takes place without opposition. Once we were in Federal court, there was a motion to remand. That is correct. Well, I mean, isn't there a method that you can oppose your motion to remand? I mean, to remove? If there is, I'm not aware of it, Your Honor. My understanding of the procedure is that I simply file with the State court and say, I'm taking this away from you. I'm taking it to Federal court. See you later. And I take it to Federal court. And I say, I'm bringing you this case on these grounds. And the method for opposing it is in Federal court, a motion to remand. The State court can do nothing about it? I don't pretend to be an expert on this procedure, but that's my understanding. Okay. A couple quick corrections in my brief. On page 3, I miss cite section 301 as section 815. It should be section 185. I think that's obvious. On page 13, the third bullet states that the alleged communication pertains to either the interests of the employer, Siemens, or was a subject of mutual concern to the union and the employer. That is not a statement of a relevant undisputed fact. That is, in fact, an argument, and it should not have been in and then bulleted as if it were an undisputed fact. And later on, I refer to the statements of Tellez as being subsequent to. They weren't subsequent to. They were prior. Well, now, the gist of it, well, a lot of what the appellants are talking about is it's that the privilege issue is one of defense. And I question them about under Oregon law, isn't an element of proving slander establishing that the oral utterance was not privileged? What is your response to their argument that it's just a defense and, therefore, it's not a problem for them? The easy response is that you were correct. The longer response. That wasn't really what I wanted to hear. Sorry, I don't mean to be blip, but the long response is that they rely on Kramer, and Kramer is an important case. But if you read Kramer, what you'll see Kramer does when they say we are revising our method of analyzing preemption cases, the cases that they talked about were cases where if the subject matter, if it could have been the subject matter of negotiations in a collective bargaining agreement, then it would be preempted. And, yes, the court did redefine its way of looking at those cases. The bottom line is if in resolution of the state court claim you have to interpret provisions of the collective bargaining agreement, then it is preempted. As you point out, and by Mr. Shiprack raising the defense of privilege, it says to the court you have to look at the collective bargaining agreement to see whether he had the privilege, because the privilege only arises out of the collective bargaining agreement, out of the referral procedure. I would disagree that the basic principles of the collective bargaining agreement are meaningless puffery. I forget the term that was used. But do you agree that under Oregon law, privilege is an affirmative defense as opposed to lack of privilege being an element of defamation? I believe that what Judge Callahan said was that you have to prove both the absence of privilege. Falsity. Falsity. And that it wasn't privileged. Yes. But, yes. I'll leave it at that. You believe that Oregon law requires that the plaintiff prove that the statement was privileged as opposed to the defendant having to raise privilege as an affirmative defense. Your Honor, I'm sorry. I am not sure. What I do know is regardless of the answer to that question, the fact that it was raised, the court has to consider whether the terms of the collective bargaining agreement have to be relied upon to determine whether Mr. Shiprack had the conditional privilege to make these statements. And that is what I do know. I'm sorry. I cannot be more sure in answering your question. What I was about to say was that the basic principles that talk about a working system and harmonious relations is a significant provision, a provision in Article 2 that talks about the employer having no restrictions in deciding the kinds of employees that it wants to hire, and the whole referral procedure have to be interpreted. The appellant counsel argues that the referral procedure provides no guidelines and, therefore, does not have to be interpreted, simply belies the nature of labor relations. I think that we have made this case way too complicated. Mr. Kofetz, the union electrician, is on the out-of-work list. He requested employment. He was dispatched after he was dispatched, but before he got to the employer,  It is in that context that Mr. Shiprack's speech needs to be evaluated. We do not disagree on any of the basic principles. We do not disagree on the well-pleaded complaint rule. We do not disagree on the general rule that no preemption will be based on a defense raised by the defendant. Humble v. Boeing is a good example of that. Boeing raised a defense and said, The collective bargaining agreement has a provision that will provide reasonable accommodation to Sue Humble. Sue Humble's claim was based on independent state law, and she could pursue that. The court did not need to look at that defense of Boeing to resolve her claim. And I think what I ended up doing, and I wish I had done it before, was to do a chart of the kinds of cases that are preempted and the kinds of cases that are not preempted. And when you look at cases like Levatas, Levatas was a California penalty wage claim. The commissioner of labor started off arguing an LRA preemption, and the case was started off being decided on that basis because Karen Levatas, working as a grocery clerk, was fired, and she wanted to be paid her wages immediately. And the commissioner has a rule that says this penalty wage does not apply to workers who are subject to a collective bargaining agreement with a grievance procedure. And she says that interferes with my ability to participate in collective bargaining. My Section 7 rights. Again, the claim could be evaluated independently, workers' comp claims, retaliation claims. There are also a variety of tort claims, outrageous conduct, intentional infliction. They also are preempted if you have collective bargaining agreement. Unless you have any other questions, I think that pretty much does it.  Thank you for your argument. Hello. I would like to start by explaining our second point a little bit further, which is that even if absence of privilege were an element of the claim, this case would not be preempted. And that's because it just doesn't matter what the CBA says. The CBA could say, you must give personal recommendations when you refer applicants. Or the CBA could say, you may not give personal recommendations. Or there could be no CBA at all. The way that State courts handle qualified privilege questions is by saying, okay, what was said, who said it, and who heard it. And then they apply State common law to determine whether there is qualified privilege. But the bigger threshold issue in this case, which is dispositive, is that a defense cannot trigger preemption. In fact, Mr. Melvin said that he does not disagree that a defense cannot trigger preemption. And I would just like to quote Caterpillar v. Williams, which is the U.S. Supreme Court case that this Court followed in Kramer. This Court also repeated that quote in Belcourt v. 20th Century Fox. Now, to get back to your question, Judge Callahan, about whether privilege is an affirmative defense or an element of the claim, under Oregon law it is clear that it is an affirmative defense. In DeLong v. U. Enterprises, which is 334, Oregon 166, at page 170, it says, Privilege is a matter of defense, and the defendant has the burden of proof on this issue. So the only way that there might possibly be jurisdiction, Federal jurisdiction, over this case. But I guess the restatement of torts, which I think Oregon relies on, it lists the publication be unprivileged. That is the restatement. And as I stated, Washington follows the restatement in that regard, and several States do. But Oregon does not. Again, it's very clear. The Oregon Supreme Court has stated privilege is a matter of defense, and the defendant has the burden of proof on this issue. That's DeLong v. U. Enterprises. And there are other States in which privilege is an affirmative defense. But under Oregon law, it's clear. And the two elements that I gave earlier, I can give you a citation for that also. That's Walulis v. Dymowski, 918 P. 2nd at 758. So the only two elements are that the defendant made a defamatory statement, and that the statement was published. And those are both factual determinations that can, of course, be made outside of the CBA. But again, qualified privilege is not a question of contract interpretation. So even if this case had arisen in Washington State, there would be no preemption. But it is clear that because this case arose in Oregon, where qualified privilege is only an affirmative defense, the only way there could possibly be Federal jurisdiction is if this Court overruled Kramer. And even that wouldn't be enough because the U.S. Supreme Court would have to overrule Caterpillar. And even that wouldn't be enough because removal is statutory. So Congress would have to amend Section 1441 or Section 1331 or the LMRA. And even that wouldn't be enough because the amendments would have to be retroactive. So there's a whole host of outrageous hypotheticals that would have to occur for there to be Federal jurisdiction in this case. None of them has occurred. Removal of this case was based only on an outdated opinion of this Court. The current Sprewell opinion is clear that removal cannot be based on a defense, and therefore, this case should be remanded to State court. Thank you. I want to compliment the students. You did an excellent job. Thank you for having me. You conducted yourself like veterans. And I predict that you will be very successful in your practice when you admit to the bar. Yes, I think we would all share, and we'd like to compliment both of you on your arguments before this Court. These are difficult issues, and I would like to additionally say that the Court, you know, we very much appreciate the pro bono work that individuals do because, as you're aware, that sometimes when issues are difficult for the Court, it's difficult with pro se litigants if they're not able to adequately present them to the Court. And both sides did an excellent job here, and we would like to compliment both of you and thank the school for doing the pro bono work as well. Thank you. Best of luck. We're going to take a five-minute recess, and then we'll be back.
judges: Ferguson, Callahan, Bolton